UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

October 15, 2021

Paul R. Schlitz, Esq.
Mering and Schlitz LLC
343 N. Charles Street, 3rd Floor
Baltimore, MD 21201

Lindsay N. Norris, Esq.
Social Security Administration
Altmeyer Building, Room 617
6401 Security Blvd.
Baltimore, MD 21235

Subject: Donetta F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-20-3072

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 4), are plaintiff's Motion for Summary Judgment ("plaintiff's Motion") (ECF No. 13) and defendant's Motion for Summary Judgment ("defendant's Motion") (ECF No. 14). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 13) and Defendant's Motion (ECF No. 14) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

## I. Background

On March 13, 2018, plaintiff filed a Title XVI application for supplemental security income, alleging disability beginning on December 22, 2017. (R. at 187-195). Her claim was initially denied on July 5, 2018 (R. at 120-23), and on reconsideration on October 15, 2018 (R. at 127-28). After a hearing held on November 18, 2019, an Administrative Law Judge ("ALJ") issued a decision on December 10, 2019, denying benefits based on a determination that plaintiff was not disabled. (R. at 12-30). The Appeals Council denied plaintiff's request for review on September 6, 2020, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1-6). Plaintiff challenges the Commissioner's decision on the grounds that the ALJ failed to: 1) consider and/or address two medical records regarding plaintiff's mental health; and 2) properly evaluate plaintiff's subjective complaints.

## II. Discussion

First, plaintiff maintains that the ALJ did not properly evaluate plaintiff's medical records because two records which detailed plaintiff's mental health treatment were not listed on the ALJ's exhibit list. (ECF No. 13-1 at 5). The SSA Hearings, Appeals and Litigation Law Manual

<u>Donetta F. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration</u>
Civil No.: BPG-20-3072
October 15, 2021
Page 2

("HALLEX") states that "[a]n exhibit list in final form is required when an ALJ issues a less than fully favorable decision to protect the claimant's due process rights.  The claimant is entitled to know the information the ALJ relied on when making the decision. . . . [P]reparing the exhibit list in final form is mandatory and is not a discretionary practice."  HALLEX I-2-1-20.B.3 (Aug. 5, 2015).  While "[t]he Fourth Circuit has provided no guidance as to whether HALLEX carries the force of law and is binding on the Commissioner . . . [other courts in this Circuit have] generally adopted the position that, although HALLEX does not have the force of law, a failure to follow its procedures that results in prejudice to the claimant constitutes reversible error."  <u>Webb v. Colvin</u>, No. PMD-16-267, 2016 WL 6806261, at *17 (D.S.C. Nov. 1, 2016).

In this case, the exhibit list attached to the ALJ's unfavorable decision (R. at 27-30) did not include two of plaintiff's medical records: 1) Carolina Outreach LLC (R. at 52-65), and 2) Baltimore Behavioral Health (R. at 66-85).  The ALJ also did not address these records in the opinion.  These records were considered at the initial and reconsideration levels.  (R. at 92, 106).  Defendant notes that "the ALJ did not consider or exhibit those records at the hearing level, for unknown reasons."  (ECF No. 14-1 at 4).  In <u>Webb v. Colvin</u>, the court determined that "[b]ased on the record . . . it is unclear whether the ALJ intentionally declined to admit the evidence or merely neglected to consider it."  <u>Webb</u>, 2016 WL 6806261, at *19.  The same is true here, as the reasons for the ALJ's failure to include these medical records in the opinion or the exhibit list is unknown to the parties and to the court.  Therefore, this court is unable to determine whether the ALJ's decision is supported by substantial evidence.  Accordingly, remand is warranted for the ALJ to review and consider these records and include them in the exhibit list.

Finally, because the case is being remanded on other grounds, this court need not address plaintiff's other argument, but observes that it appears the ALJ properly evaluated plaintiff's subjective complaints based on all of the available evidence.  On remand, the ALJ can consider plaintiff's other argument and make any required adjustments to the opinion.

### III.     <u>Conclusion</u>

For the reasons stated above, Plaintiff's Motion (ECF No. 13) and Defendant's Motion (ECF No. 14) are DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further consideration in accordance with this opinion.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

 /s/
Beth P. Gesner
Chief United States Magistrate Judge